Romane Depew, Respondent, v. Celina B. Ketchum and Others, Appellants.

*Lease to work on shares — owner to pay damages in case of a sale — measure of the damages.*

When, in a contract by which a farm is let to be worked on shares for a term of years, the owner reserves the right to sell the farm at any time during the term, and the worker agrees thereupon to surrender possession at the end of the current farm year, the owner agreeing to pay any damages which the worker may sustain by reason of the sale, the measure of the worker's damages, in case of a sale and consequent surrender of possession before the expiration of the term, is the value of the term surrendered, based upon the capacity of the farm to yield a profit to one working it under the contract.

The liability of the owner, under a farm contract containing such stipulations, to pay damages to the worker, in case of a sale of the farm, is as binding as it would be in case the owner made a sale of the farm in violation of his contract.

APPEAL by the defendants, Celina B. Ketchum and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Yates county on the 16th day of December, 1892, upon a verdict rendered at the Yates Circuit, and from an order denying the defendants' motion for a new trial made upon the minutes, entered in said clerk's office on the 30th day of December, 1892.

The action was brought to recover the damages alleged to have been sustained by the plaintiff in consequence of the sale by the defendants of a farm which was being worked by the plaintiff under a contract between defendants, owners of the farm, on the one part, and the plaintiff on the other.

*E. Hicks,* for the appellants.

*C. W. Kimball,* for the respondent.

DWIGHT, P. J.:

The plaintiff took the farm of the defendants to work on shares for a term of five years from the 1st day of April, 1891. The contract was in writing and contained the following provision: "The parties of the first part reserve the right to sell this farm at any time during said term, and the party of the second part agrees to surrender possession of the same on the first day of April in any year of said term, in case said sale is made, and the parties of the first part hereby agree to pay any damages that the party of the second part may sustain by reason of a sale, said damage to be determined, if the parties cannot agree, by each party selecting a man who shall assess the damages."

Under the right thus reserved the defendants made a sale of the farm during the first year of the term, and the plaintiff, in performance of the same provision of the contract on his part, surrendered the possession on the 1st day of April, 1892. Shortly afterwards he called upon the defendants to select a person on their part to act as appraiser of his damages, and, upon their declining to do so, he brought this action.

The action was for the value of that portion of the term which

was surrendered by the plaintiff; and this, we have no doubt, he was entitled to recover under the terms of his contract. The defendants' right to sell the farm during the term is reserved on the condition that they pay the plaintiff his damages caused by such sale; and the plaintiff's agreement to surrender the possession is on the condition that he be paid such damages. The defendants' obligation, under the contract, to pay damages, is as binding as if it arose from a violation of the contract on their part.

The only question in the case is, therefore, what are the damages to be paid, how ascertained and how measured. The contract says: " Any damages that the party of the second part may sustain by reason of a sale." That means any damages directly or proximately consequent upon, or resulting from a sale. And that the loss of his term, of the rights and privileges which he would otherwise have enjoyed during the term, is to be, mainly, the basis of such damages, cannot well be doubted. And what are those rights and privileges? Clearly, among others, the right and privilege to work the farm for four years more, and to make out of it all the gain and profit which it was capable of affording. The measure of the plaintiff's damages, then, is the value of the term surrendered, and the value of the term depends upon the capacity of the farm to yield a profit to the man who works it under the contract which the plaintiff held in this case.

Granting, what we have assumed, that the liability of the defendants is the same under a contract by which they stipulated to pay damages in case of a sale, as it would have been had they made a sale in violation of the contract, then the case of *Taylor* v. *Bradley* (39 N. Y. 129) is authority for the plaintiff's contention upon nearly every question arising in this case. And its doctrine is, in great measure, reaffirmed in the case of *Wakeman* v. *Wheeler & W. S. M. Co.* (101 N. Y. 205). Both of these were cases of damages resulting to the plaintiff from a breach of the contract. In the former of them the contract was of the same character as in this case, viz., the letting of a farm to work on shares, and the court held, in an elaborate opinion by WOODRUFF, J., that the plaintiff was entitled to recover as damages the value of his contract, *i. e.*, what such a privilege of occupying and working the farm was worth, subject to the conditions of the agreement, and under all the contingencies

which were liable to affect the result. "His damages are what he lost by being deprived of his chance of profit." Also, that such damages might be recovered immediately upon the refusal of the defendant to perform the agreement; and in the case of *Wakeman* v. *The Wheeler & W. Sewing Machine Company* the same rule was applied to the estimate of damages for the breach of a contract to give the plaintiff the exclusive privilege to sell machines in certain territory, and to furnish him the machines for such sales as he should make therein. Both of these cases are very instructive in respect to the limitations to be put upon the rule that speculative and uncertain damages cannot be recovered; and, at least in the latter of them, the admission of evidence was approved which showed something of the extent and profit of the plaintiff's business so far as he was enabled to prosecute it, as tending to show what it might have been in case of full performance of the contract on the part of the defendant, and that the case was not one for expert or opinion evidence as to what machines might have been sold and what profits made. The rule of the latter case as to the allowance of prospective profits and the mode of estimating them, was adopted in *Dart* v. *Laimbeer* (107 N. Y. 664).

This case was, we think, submitted to the jury in a charge very carefully in accord with the principles established by the cases above cited. The jury was instructed that the profits of the year during which the plaintiff had the benefit of his contract were not to be taken as the measure of the profits which might have been realized in the four succeeding years, but as facts which might aid the jury in estimating the value of the contract one year with another; and it would seem that under the careful instructions of the court the jury did not go very far astray into the region of speculation and conjecture. Their verdict was for $1,500, which fixes the value of the plaintiff's contract at $375 a year, not an extravagant profit to be realized over and above the expenditure of labor and care, enterprise and responsibility involved in the management of a farm of 234 acres of fertile and highly improved land.

We find no error in the case which should vitiate this verdict.

The judgment and order appealed from should be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.