199 So.2d 127 (1967)
WELBILT CORPORATION, a Michigan Corporation, Appellant,
v.
ALL STATE DISTRIBUTING CO., Inc., a Florida Corporation, Appellee.
No. 66-338.
District Court of Appeal of Florida. Third District.
April 25, 1967.
*128 Feibelman, Friedman, Hyman & Britton and Herbert Stettin, Miami, for appellant.
William Ingraham, Miami, and Paul A. Gifford, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
SWANN, Judge.
The defendant, Welbilt Corporation, appeals from a jury verdict and final judgment for the plaintiff, All State Distributing Co., Inc., in an action brought by All State for loss of future profit from an alleged breach of contract.
Both parties concede that the sole question on appeal concerns the sufficiency of the evidence to uphold the verdict and final judgment, and we will, therefore, not delve into the procedural aspects of the case.
All State claimed that it had made a profit of $672.48 for each building in which it had already placed its air conditioning units prior to the alleged breach of contract, and that since approximately 135 to 145 buildings had been constructed after the breach, it was entitled to damages for this loss of future profits.
Welbilt contends that the evidence was insufficient to prove loss of future profits, since All State's business was a new business with no past history of profits; that All State made no showing of overhead, costs or method by which the estimated profit of $672.48 per unit could be determined, and that there was no proof of the number of buildings actually constructed after the breach of contract and that appellee only estimated this fact.
The question of loss of future profits was discussed by the Supreme Court of Florida in New Amsterdam Casualty Co. v. Utility Battery Mfg. Co.,[1] where it was said:
* * * * * *
"* * * The general rule is that the anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss. There is an exception to this rule, however, to the effect that the loss of profit from the interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof what the amount of his actual loss was. Proof of the income and of the expenses of the business for a reasonable time anterior to the interruption charged, or facts of equivalent import, is usually required. It does not appear in this case that the plaintiff in the court below had ever made a profit from its business, nor was there any evidence of actual profits before or losses after the receivership, in such sort as that the court or jury might determine with any degree of certainty what profits had been lost as a result of the receivership proceedings. * * *"
* * * * * *
See also: Central Coal & Coke Co. v. Hartman, 111 F. 96 (8th Cir.1901); Babe, Inc. v. Baby's Formula Service, Inc., Fla. App. 1964, 165 So.2d 795.
In Twyman v. Toell, 123 Fla. 2, 166 So. 215 (1936), the Supreme Court held that "if prospective profits form an elemental constituent of the contract, their loss, the natural result of its breach, and the amount can be established with reasonable certainty, such certainty as satisfied the mind of a prudent and impartial person, they are allowed. The requisite to their allowance is some standard, such as regular market *129 values, or other established data, by reference to which the amount may be satisfactorily ascertained." (Emphasis supplied)
There does not appear to be sufficient competent evidence in the record before us to uphold a verdict and judgment for the loss of future profits.
It is not necessary, therefore, for us to discuss or decide the other questions advanced by appellant for reversal.
For the foregoing reasons this cause be and the same is hereby reversed.
It is so ordered.
NOTES
[1] 122 Fla. 718, 166 So. 856 (1936).