PER CURIAM.
In an action ex contractu, a verdict was rendered in favor of the plaintiff for $7,200. Judgment was entered thereon. Motion of the defendant for new trial was denied. The defendant appealed.
In the complaint filed by the appellee Jamaica Sun Tours, Ltd., a Jamaican corporation, it was alleged that the plaintiff was engaged in the business of arranging tours by motor coach through the Island of Jamaica, for visiting tourists; that the defendant operated certain cruise vessels which stopped at ports of the Island; that in December of 1969 the parties entered into *467 an oral contract, to be effective from December 20, 1969, through December 1, 1970, whereby plaintiff was made exclusive tour agent for the defendant there; that a stated consideration was the undertaking by plaintiffs “to improve all the tours which had been previously offered to passengers of the (vessel) Starward,” with a provision in the contract that the defendant would collect the price of the tours from its passengers and remit the same to the plaintiff less 15% thereof.[1]
The plaintiff alleged performance “of all the things required to be done by it pursuant to the contract, including the placing of a $12,000.00 deposit to purchase three additional motor coaches,” and alleged the defendant breached the contract by terminating it on April 30, 1970, “arbitrarily and without justifiable cause.” In one count the plaintiff sought damages for the claimed breach of contract. , In a second count wherein it was alleged that the defendant had failed to remit to plaintiff all of the monies (tour fees) collected by it on behalf of plaintiff from persons using the tours, the plaintiff sought a determination of the amount unpaid and judgment therefor.
By answer the defendant denied “there was an oral contract as alleged,” and denied plaintiff’s allegation of performance. The defendant admitted having advised plaintiff of termination of its services, but denied that the termination of services was arbitrary or without justifiable cause. Also denied was the allegation that defendant had failed to remit any tour fees to which the plaintiff was entitled.
The appellant argues the evidence was insufficient to prove the alleged contract, and was insufficient to form a basis for recovery of loss of anticipated profits as an element of damage; that the trial court erred by certain rulings on the admissibility of evidence, and in refusing to give a requested charge relating to damages.
Upon consideration of appellant’s contention of insufficiency of the evidence, in the light of the record and briefs, we hold that contention is without merit. There was competent substantial evidence to support a finding that the parties entered into the oral contract alleged. Also, we hold the evidence relating to loss of anticipated profits was sufficient for its consideration as an element of damage, under the law applicable thereto. In New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856, 860, the Supreme Court said:
“ * * * The general rule is that the anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss. There is an exception to this rule, however, to the effect that the loss of profit from the interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof what the amount of his actual loss was. Proof of the income and of the expenses of the business for a reasonable time anterior to the interruption charged, or facts of equivalent import, is usually required. * * * ”
*468 See also Welbilt Corporation v. All State Distributing Co., Inc., Fla.App.1967, 199 So.2d 127; 11 Williston on Contracts, Third Edition, 1968, § 1346A, pp. 249-250.
We find no reversible error in the challenged rulings of the court relating to admission or exclusion of evidence and refusal of requested jury charge.
The judgment is affirmed.

. In regard to the contract, the complaint alleged:
“4. On or about December 19, 1969, after a course of dealing between the plaintiff and defendant for a period of approximately two years, the plaintiff and defendant in Miami, Florida, entered into an oral contract which was to commence on December 20, 1969 and terminate on December 1, 1970, whereby it was agreed between the parties that in consideration of the plaintiff agreeing to improve all of the tours which had been previously offered to the passengers of the Starward, to engage in extensive solicitation of the Starward’s passengers, and purchase additional motor coaches to transport the Star-ward’s passengers to various parts of the Jamaican Island, that the defendant would engage plaintiff as its exclusive tour agent. The defendant further agreed that it would use its best efforts to induce its passengers to take the tours conducted by the plaintiff. It was further agreed that the defendant would collect the price of the tours from its passengers and remit to plaintiff all of said sums less 15% of the tour price.”