CROSS, Judge,
dissents with opinion.
I respectfully dissent.
Appellant-defendant, Charles A. Collier, appeals a final judgment entered in favor of appellee-plaintiff, Crane Inspection and Certification Bureau, Inc., in an action for damages for Collier’s breach, of a non-competitive agreement.
Collier, in violation of his agreement not to compete with Crane, successfully bid against Crane for a contract with the United States Navy to operate a training program for crane inspectors. Crane sued for breach of the agreement and was awarded $7,500 to compensate it for the profit that it had expected to earn from the contract. The basic thrust of the appeal is whether the evidence was sufficient to support the judgment for damages.
When prospective profits are sought as an element of damages, their amount must be established with enough certainty to satisfy the mind of a prudent and impartial person. Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936). Proof of this amount requires more than mere speculation and conjecture, since the award needs some basis in fact. Innkeepers International, Inc. v. McCoy Motels, Ltd., 324 So.2d 676 (Fla. 4th DCA 1975); Florida Outdoor, Inc. v. Stewart, 318 So.2d 414 (Fla. 2d DCA 1975).
The only evidence of the appellee’s expected profit from the contract was the testimony of Mr. Vernau, a vice-president of the appellee corporation who was “involved in the preparation of bids.” When asked about the profit that had been figured into the bid, he stated: “As a rule, we anticipate a net margin of about 20 percent which in this case would be about $7,500.” I am convinced that the law cannot countenance an award of damages based only on this evidence.
The amount of the appellee’s prospective profit might more properly have been established by showing the total cost of labor, services and materials necessary to perform the contract and then deducting that sum from the amount of its bid. See, Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971). I would, therefore, reverse the final judgment and remand for a new trial only on the issue of damages.