388 So.2d 1071 (1980)
A & P BAKERY SUPPLY & EQUIPMENT COMPANY, a Florida Corporation, Appellant,
v.
Salameh K. HAWATMEH, Appellee.
No. 79-1406.
District Court of Appeal of Florida, Third District.
September 23, 1980.
Rehearing Denied October 22, 1980.
Greenfield & DuVal and Harvie S. DuVal, North Miami, for appellant.
Penzick & Parker, Rohan & Rohan and Lawrence J. Rohan, Miami, for appellee.
*1072 Before HENDRY, NESBITT and BASKIN, JJ.
HENDRY, Judge.
The parties entered into discussions regarding the sale to appellee of a damaged commercial oven owned by appellant. A jury found that those discussions culminated in a contract, which appellant breached by his sale of the oven to a third party. We are not disposed to reverse the findings of the jury in that regard. However, we reverse that portion of the verdict pertaining to appellee's damages award, and remand for new trial on that issue.
When appellant sold the defective oven, and thereby breached his contract for sale to appellee, appellee covered his loss shortly thereafter by the purchase of a used oven for less than one quarter of the price which he had negotiated for the purchase of appellant's equipment. It appears, and it is not disputed, that the oven ultimately purchased by appellee is the functional equivalent of the more expensive model.
Although the trial judge warned the jury that their damages award should not be based upon speculation or conjecture, he allowed, with that caveat, their consideration of the issue of lost profits stemming from appellant's breach. This was error.
The law regarding damages for loss of profits has been clearly fixed: Although
[t]he well-recognized general rule in this state is that anticipated business profits are too remote, speculative and contingent to warrant a judgment for their loss, ... .
Touchette v. Bould, 324 So.2d 707 (Fla. 4th DCA 1975), nevertheless,
[i]n Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936), the Supreme Court held that "if prospective profits form an elemental constituent of the contract, their loss, the natural result of its breach, and the amount can be established with reasonable certainty, such certainty as satisfied the mind of a prudent and impartial person, they are allowed. The requisite to their allowance is some standard, such as regular market values, or other established data, by reference to which the amount may be satisfactorily ascertained." [Emphasis supplied]
Welbilt Corp. v. All State Distributing Co., 199 So.2d 127 (Fla.3d DCA 1967).
Appellee's business venture was in its inception at the time of appellant's breach, and therein lies the trial court's error: Proof of profits for a reasonable time anterior to the breach is required to establish lost profits. New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 122 Fla. 718, 166 So. 856 (1936); Innkeepers International, Inc. v. McCoy Motels, Ltd., 324 So.2d 676 (Fla. 4th DCA 1975), cert. denied 336 So.2d 106 (Fla. 1976); Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla.3d DCA 1975), cert. denied 322 So.2d 913 (Fla. 1975); Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla.3d DCA 1972), cert. denied 285 So.2d 18 (Fla. 1973). Where a record of past profitability is unavailable to inform a jury's deliberations, any finding it might make regarding lost profits must be purely speculative. Since appellee cannot establish past profits, he cannot claim lost profits resulting from appellant's breach.
On remand, damages should be determined in accordance with Section 672.712, Florida Statutes (1979):
(2) The buyer may recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages ... but less expenses saved in consequence of the seller's breach.
The trial court should ensure that the issue of lost profits is not submitted to the jury.
Reversed and remanded.