**DIANE MANUFACTURING COMPANY, etc., Plaintiffs,**

v.

**SHEFFIELD INDUSTRIES, INC., etc., Defendants.**

No. 79–2956–CIV–EPS.

United States District Court, S. D. Florida, Miami Division.

April 30, 1981.

Barry N. Greenberg, Robinson & Greenberg, Miami, Fla., for plaintiffs.

Arnold Nevins, and Myles Cypen, Cypen & Nevins, Miami Beach, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL ON THE COUNTERCLAIM

SPELLMAN, District Judge.

This cause came before the Court on Defendant's motion for a new trial on the counterclaim pursuant to Federal Rule of Civil Procedure 59(a). Having reviewed the record in this cause and being otherwise duly advised, it is hereby,

ORDERED AND ADJUDGED that said motion is DENIED.

Federal Rule of Civil Procedure 59(a) states that:

A new trial may be granted to all or any parties and on all or part of the issues (1) in an action in which there has been a trial by jury for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...

Professors Wright and Miller have stated:

The draftsmen of the rules found that it was impracticable to enumerate all the grounds for a new trial. Thus the rule is stated in broad terms. It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair, and that the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions. The absence of a listing of specific grounds should not obscure the governing principle. The court has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice.

Any error of law, if prejudicial, is a good ground for a new trial.

Wright & Miller, Federal Practice and Procedure § 2805.

Defendant has advanced only one argument in support of their motion, to wit, that the Court erred as a matter of law by "excluding from evidence testimony on lost profits suffered by Defendant in connection with the 'No Frills' display racks designed and manufactured by Plaintiff for Defendant's Ben Franklin Stores account." The applicable law regarding recovery of anticipated profits was stated by the Florida Supreme Court in *New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co.*, 122 Fla. 718, 166 So. 856 (1936).

The general rule is that the anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss. There is an exception to this rule, however, to the effect that the loss of profit from the interruption of an established business may be recovered where the Plaintiff makes it reasonably certain by competent proof what the amount of his actual loss was. Proof of the income and of the expenses of the business for a reasonable time anterior to the interruption charged, or facts of equivalent import, is usually required.

*Id.* at 860. The *New Amsterdam* case was recently cited with approval by the Fifth Circuit in *National Papaya Co. v. Domain Industries, Inc.*, 592 F.2d 813 (5th Cir. 1979), wherein it was stated:

As an initial matter, it is clear that Florida law provides for recovery of lost profits in a 'proper case.' Although the general rule is 'that the anticipated profits of a commercial business are too remote, speculative, and dependent upon changing circumstances to warrant a judgment for their loss,' *New Amsterdam Cas. Co. v. Utility Mfg. Co.*, 1935, 122 Fla. 718, 166 So. 856, 860, such damage can be recovered where 'the loss of prospective profits is the natural result of the wrong and the amount can be established with reasonable certainty.' *Conner v. Atlas Aircraft Corp.*, Fla.Dist.Ct.App., 1975, 310 So.2d 352, 354. 'The standard for the degree of certainty requires that the mind of a prudent impartial person be satisfied with the damages.'

Despite the element of conjecture inherent in any proof of anticipated profits, an inability to establish the amount of damages with absolute exactness will not defeat recovery. *E. g., Twyman v. Roell*, 1936, 123 Fla. 2, 166 So. 215. But Florida case law indicates that less uncertainty is tolerated with regard to the plaintiff's burden in showing that the lost profits damages flowed as the natural and proximate result of defendant's wrongful conduct. 'The uncertainty which defeats recovery in such cases has reference to the cause of the damage rather than to the amount of it.' *Twyman v. Roell, supra*, 166 So. at 218.

592 F.2d at 817–18.

This Court's decision to exclude the evidence of lost profits with regard to the "No Frills" racks was based primarily on the determination that Plaintiff had not proved that the "lost profits damages flowed as the natural and proximate result" of Plaintiff's alleged wrongful conduct. The testimony given at trial indicates that, although Ben Franklin's management made the decision to terminate the Sheffield contract, the decision was based in part on the input received from the individual store owners. The evidence shows that these store owners had the choice of buying merchandise from the regional Ben Franklin warehouses or from suppliers of their own choosing. Defendant never established the degree to which Ben Franklin's management relied upon the input of the individual store owners and, assuming that the input supported dropping the Sheffield line, whether the store owners' decision was based on the quality of the racks supplied by Diane or on factors such as cheaper prices from other suppliers, consumer preferences or the quality of Sheffield's products. It is this Court's opinion that Defendant failed to prove a causal connection between Ben Franklin's termination of the Sheffield contract and the allegedly defective racks and that exclusion of evidence of lost profits on the Ben Franklin account was proper.

Proof of anticipated profits was also excluded in the case *sub judice* because this case does not fall within the exception to the general rule set forth in *New Amster-dam Casualty Co., supra*. This was not a case where an established business enterprise was interrupted and where evidence of profits earned prior and subsequent to the interruption was available. Prior to the contract at issue, Ben Franklin did only a limited business with Sheffield and did not sell a full line of Sheffield's hosiery. Moreover, the hosiery covered by the contract in question was packaged in a different way than the Sheffield hosiery previously sold by Ben Franklin and there was no evidence of the profitability of the new package design. What Defendant sought to introduce to prove their alleged lost profits was testimony on the industry averages of the amount of goods sold from display racks, like those manufactured by Plaintiff, in every two week period. Based on the turn over rate, Defendant was going to calculate the amount of profits they would have made had Sheffield stockings been the goods in the average industry rack.

Evidence of this sort can hardly be characterized as "competent proof of the amount of his actual loss" as required by the Court in *New Amsterdam Casualty Co., supra*. This Court finds, therefore, that the evidence of lost profits, with respect to the "No Frills" racks, was properly excluded because the amount of the profits and the cause of their loss were too speculative and Defendant's motion for a new trial is hereby DENIED.