432 So.2d 766 (1983)
WASH-BOWL, INC., a Florida Corporation, and Ted Harris, Individually, Appellants,
v.
Leonard L. WROTON and Joan Wroton, His Wife, Appellees.
No. 82-2253.
District Court of Appeal of Florida, Second District.
June 10, 1983.
Robert H. Dillinger of Stolba, Lumley & Dillinger, P.A., St. Petersburg, for appellants.
James A. Garland, Brandenton, for appellees.
SCHEB, Judge.
Appellants, Wash Bowl, Inc. and Ted Harris, challenge a jury verdict awarding damages for lost business profits to appellees, the Wrotons.
On January 18, 1977, the Wrotons entered into a contract with appellants for the purchase of machinery and equipment to operate a laundry and business under the franchise of Wash-Bowl, Inc. The laundromat was to be located at the Palma Sola Shopping Center in Bradenton, Florida. However, due to problems which developed over leasing arrangements and leasehold improvements, the laundromat was never constructed, and the Wrotons were unable to conduct any business at the Bradenton location. About two months later they found a new business location.
The Wrotons then brought a breach of contract action against appellants seeking damages for loss of income, cost of moving and relocating, and other damages. The case proceeded to a jury trial. The court, *767 over appellants' objections, allowed evidence of profits which had been realized at an existing laundromat. Appellees introduced this evidence to establish the profit they allegedly would have earned from their own business undertaking. The court then instructed the jury, over appellants' continuing objection, that if it found for the Wrotons, then loss of anticipated net profits would be the proper measure of damages for breach of contract. The jury returned its verdict in favor of appellees and awarded them $10,000. This appeal ensued.
Appellants contend the trial court erred in failing to grant their motion for a third continuance, that the verdict was contrary to the evidence, and that there was no basis for awarding damages for lost profits. We reject their first two arguments. First, the granting of a continuance is a matter of discretion with the trial judge. Kasper Instruments, Inc. v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981). Here, the court had previously granted two continuances, and we find no abuse of its discretion in denying a third, especially since second and third continuances are looked on with disfavor. See McWhorter v. McWhorter, 122 So.2d 504 (Fla. 2d DCA 1960). Second, although the evidence was conflicting, there was substantial, competent evidence from which the jury could conclude that appellants assumed the responsibility to negotiate a lease with the developer of the shopping center and arrange for leasehold improvements on behalf of appellees. Under such circumstances it is improper for this court to re-evaluate the evidence. Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187 (Fla. 1977).
Appellants' contention that the trial court erred in allowing the jury to assess damages for lost profits has merit. Appellants argue that such an award was speculative since no ongoing business was ever established and since appellees had no previous experience in this type of business.
The general rule set forth in New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 122 Fla. 718, 166 So. 856 (1935), is that anticipated profits of a commercial business are too speculative and dependent on changing circumstances to warrant a judgment for their loss. An exception has been recognized when such loss of profits, from the interruption of an established business, can be shown with reasonable certainty by competent proof. New Amsterdam; Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA), cert. denied, 322 So.2d 913 (Fla. 1975).
Damages for breach of contract must be proved with reasonable certainty. Thus, loss of profits is not the general measure of damages for an untried venture which has no history of operation or profits. Innkeepers International, Inc. v. McCoy Motels, Ltd., 324 So.2d 676 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 106 (Fla. 1976). Proof of profits for a reasonable time prior to a breach is required to establish lost profits. A & P Bakery Supply & Equipment v. Hawatmeh, 388 So.2d 1071 (Fla. 3d DCA 1980); Welbilt Corp. v. All State Distributing Co., 199 So.2d 127 (Fla. 3d DCA 1967).
There was no track record here to establish a history of profits in the business, since the laundromat was never opened. Further, appellees admitted having had no prior experience in either owning or managing a laundromat business. Since no record of past profitability was available to inform the jury's deliberations, its award of damages had to have been based on pure speculation. A & P Bakery. Thus, appellees should not have been permitted to recover lost profits resulting from appellants' breach.
Accordingly, we affirm the judgment as to liability but vacate the award of damages. We remand for a new trial solely on the issue of damages without consideration of loss of profits as an element.
GRIMES, A.C.J., and CAMPBELL, J., concur.