658 So.2d 116 (1995)
SHADOW LAKES, INC., and Zaragosa Properties, Inc., Appellants,
v.
CUDLIPP CONSTRUCTION AND DEVELOPMENT COMPANY, INC., Michael P. Cudlipp and Angela S. Cudlipp, Appellees.
No. 93-02843.
District Court of Appeal of Florida, Second District.
June 2, 1995.
Rehearing Denied July 12, 1995.
*117 Roberta A. Colton and Marie Tomassi of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellants.
Jeremy E. Gluckman of Gluckman, Newman & LeVine, P.A., Tampa, for appellees.
QUINCE, Judge.
Shadow Lakes, Inc. and Zaragosa Properties, Inc. (appellants) appeal a final judgment for damages and specific performance. We reverse and remand for a new trial on damages because the jury's award of $3,670,000 in lost profits is against the manifest weight of the evidence. The trial court abused its discretion by denying a new trial on damages. We affirm the final judgment with respect to the issue of specific performance.
Shadow Lakes and Cudlipp Construction and Development Company, Inc. (Cudlipp) entered into a written agreement for the construction of a residential development. The contract called for the construction of approximately 375 homes over an unspecified period of time. The agreement contemplated that Cudlipp would construct the homes and Shadow Lakes would sell the homes. It further provided either party could terminate the agreement if prices could not be mutually agreed upon, except the termination would not apply to the first fourteen homes. The contract provided that Cudlipp would be paid a fixed price for each type of home built, which would include the actual cost of construction and a fee for Cudlipp's services. Cudlipp failed to produce completed homes for sale, allegedly due to a failure in funding.
Cudlipp and its principles, Michael and Angela Cudlipp, the appellees, filed a multi-count complaint against the appellants for, inter alia, breach of contract. The jury awarded Cudlipp Construction $144,000 in damages through the date of termination of the contract and $3,670,000 in damages for future lost profits.
In a case where damages are sought under a contract which has not been fully performed, the recovery may be either in quantum meruit, the reasonable value of the labor performed and market value of materials, or in contract based on lost profits plus the reasonable cost of labor and material expended in partial performance. Robinson v. Albanese, 636 So.2d 831 (Fla. 5th DCA 1994); Marshall Construction, Ltd. v. Coastal Sheet Metal & Roofing, Inc., 569 So.2d 845 (Fla. 1st DCA 1990). When the measure of damages is lost profits, the loss must be proven with a reasonable degree of certainty before it is recoverable. Wash-Bowl, Inc. v. Wroton, 432 So.2d 766 (Fla. 2d DCA 1983); Douglass Fertilizers & Chemical, Inc. v. McClung Landscaping, Inc., 459 So.2d 335 (Fla. 5th DCA 1984). The mind of a prudent impartial person should be satisfied that the damages are not the result of speculation or conjecture. Marshall Construction.
In the instant case, the appellees failed to adequately prove future lost profits. The contract contemplated 375 homes to be built in this development. At the time the problems developed between the parties, Cudlipp had begun eight houses. Michael Cudlipp testified Cudlipp Construction was to receive $10,000 profit from each house. Thus, it appears the jury verdict of $3,670,000 in loss profits equates to $10,000 times 367 homes (375 minus the eight houses started before the breach).
It is clear from a reading of the contract that the parties were bound to complete fourteen houses out of the estimated 375 comprising the project. However, either party had the right to terminate the agreement with regard to future houses if prices could not be mutually agreed upon. Whether or not the parties would have come to a meeting *118 of the minds regarding other houses beyond the original fourteen is pure speculation and conjecture. Not only did the parties have to agree on price, but the acreage needed for the project had to be purchased by Shadow Lakes.
Additionally, the total amount of profit to be realized on each home is also speculative. Although Mr. Cudlipp initially stated the $10,000 for each house was to be pure profit, he later acknowledged certain overhead and other expenses should be subtracted from that figure. The contract itself indicated the figure included off-site and on-site supervision, office overhead and general support. Moreover, Mr. Cudlipp stated on cross-examination that the $10,000 figure also included possible upgrades to the houses by the ultimate purchasers.
The appellees failed to establish they had a contract to complete more than fourteen houses, six more than the eight that were partially completed. The appellees also failed to demonstrate what portion of the $10,000 per house was actual profit. The amount of lost profits awarded by the jury and included in the final judgment is against the manifest weight of the evidence. We, therefore, reverse the award and remand to the trial court for a new trial on damages.
ALTENBERND, A.C.J., and BLUE, J., concur.