827 So.2d 352 (2002)
NORTH DADE COMMUNITY DEVELOPMENT CORP., Appellant,
v.
DINNER'S PLACE, INC., Appellee.
No. 3D01-3169.
District Court of Appeal of Florida, Third District.
October 2, 2002.
James H. Greason, Miami, for appellant.
Michael S. Bloom, North Miami, for appellee.
Before FLETCHER and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
North Dade Community Development Corporation, a lessor, appeals a final judgment ordering that it pay damages to Dinner's Place, Inc., its lessee, for conversion and breach of contract. We affirm as to *353 the $6,000 awarded on the conversion claim, however we reverse as to the $27,800 awarded on the claim of lost profits on the breach of contract claim.
To support its assertion of error as to the award of lost profits, appellant relies on Forest's Mens Shop v. Schmidt, 536 So.2d 334, 336 (Fla. 4th DCA 1988), wherein the Fourth District observed that in order to recover lost profits, there must be an on-going business with an established sales record and proven ability to realize profits at an established rate. However, in W.W. Gay Mechanical Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348, 1351 (Fla.1989), the Supreme Court considered such a limitation to recovery and rejected it, explaining:
The two seminal Florida cases on recovery of prospective profits are Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936), and New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 122 Fla. 718, 166 So. 856 (1935). In New Amsterdam this Court held that prospective business profits are generally too speculative and dependent on changing circumstances to be recovered. New Amsterdam provided an exception allowing the plaintiff to show the amount of his loss by competent proof. However, this exception only applied to the interruption of an established business. Twyman, on the other hand, did not limit recovery to established businesses. There, the Court stated that, if there is a "yardstick" by which prospective profits can be measured, they will be allowed if proven. 123 Fla. at 6, 166 So. at 217.... We follow the holding in Twyman.

Thus, we do not agree with lessor that a "track record" was imperative to recovery of lost profits. We do, however, find that the only evidence supporting the award of future profits in the instant case, the business prospectus created by the lessee, fell woefully short of the reasonable "yardstick" required under Wharfside. Here, the one page of projected earnings in the prospectus was little more than an unsupported wish list of what the lessee hoped would occur in the coming years. Therefore, lessee simply failed to provide competent evidence sufficient to satisfy the mind of a prudent, impartial person as to the amount of profits lost as a result of the lessor's breach. See Sharick v. S.E. Univ. of Health Sci., Inc., 780 So.2d 136 (Fla. 3d DCA 2000); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985). An award of lost profits cannot be based on mere speculation or conjecture. See Sampley Enterprises, Inc. v. Laurilla, 404 So.2d 841 (Fla. 5th DCA 1981); Mori v. Matsushita Electric Corp. of America, 380 So.2d 461 (Fla. 3d DCA 1980). Accordingly, we reverse the award of lost profits, the balance of the order is affirmed.