TUTER, JACK B., JR., Associate Judge.
 

 Appellants/plaintiffs Barbara Shulgas-ser-Parker, as personal representative of the Estate of Luba Shulgasser, and Airport Motel Associates, Ltd. timely appeal an order of final summary judgment and a denial of their motion for rehearing in favor of appellees/defendants, Kennedy Trinley & Santino, P.L. and Earl Mayer, Jr.
 

 On September 15, 2009, the plaintiffs filed an amended complaint alleging legal malpractice, negligence, breach of fiduciary duty, and exploitation of a vulnerable adult. On December 10, 2009, the court set the matter for trial on an eight-week calendar beginning May 17, 2010, with calendar call on April 30, 2010. Discovery was to be completed twenty days before the calendar call.
 

 On January 19, 2010, the defendants filed their motion for summary judgment alleging, “[specifically, the record contains the sworn admission of BSP that plaintiffs can prove
 
 no damages
 
 against
 
 *153
 
 defendants, thus entitling them [to] summary judgment....” The defendants rely on the following interrogatory and answer in support of their motion for summary judgment:
 

 1. State the amount of each item of damages you seek to recover in this action, and for each such item list the documents used or referred to in making the damage calculation, and state the name and address of the person who made the calculation.
 

 [[Image here]]
 

 Because Defendants have failed, to produce itemized invoices representing legal services performed by Defendants EARL E. MAYER, JR. (“MAYER”) and KTS during Defendants’ representation of AIRPORT MOTEL ASSOCIATES, LTD. (“AIRPORT”) and/or Luba Shulgasser (“Shulgasser”), BSP is unable to respond to Interrogatory No. “1” at this time and will not be able to do so until such information is provided.
 

 A hearing was set on the motion for summary judgment on March 31, 2010, ten days before the discovery cutoff. The day before the hearing on the summary judgment motion, the plaintiffs moved for a continuance of the trial based upon ongoing discovery, contending depositions of the expert and fact witnesses could not be completed due to the unavailability of plaintiffs’ counsel because of other trials. On the same day, defendants’ counsel filed a notice of conflict listing conflicts with the eight-week trial period set to begin May 17. The trial court granted the motion for continuance and placed the case on a July docket.
 

 The plaintiffs filed several affidavits in opposition to the motion for summary judgment. None of the affidavits detailed the specific amount of damages sought; instead, the affidavits referred to ongoing expert calculations of the amount of damages. The trial court entered summary judgment in favor of the defendants based on plaintiffs’ inability to prove their damages by sworn testimony.
 

 In
 
 Asgrow-Kilgore Co. v. Mulford Hickerson Corp.,
 
 301 So.2d 441 (Fla.1974), the supreme court held:
 

 In
 
 Twyman v. Roell,
 
 123 Fla. 2, 166 So. 215 (1936), it was ruled that, “The uncertainty which defeats recovery in such cases has reference to the
 
 cause
 
 of the damages rather than to the amount of it.” (emphasis ours) (at p. 218). If damages have been suffered, lack of precise proof as to the exact amount will not be fatal so long as the proof supports the monetary loss determined by the finder of fact and is not merely speculative.
 

 Id.
 
 at 445.
 

 In
 
 Sheridan Healthcorp, Inc. v. Amko,
 
 993 So.2d 167 (Fla. 4th DCA 2008), the trial court entered summary judgment on a variety of grounds including lack of proof of damages. Reversing summary judgment on the damages issue, we held:
 

 Finally, through a quite complex set of calculations advanced by FLSA, the trial court determined that neither Sheridan nor Dr. Triana [plaintiffs] was damaged as a result of any alleged breaches of fiduciary duty or breach of contract. It appears to us that those calculations are based on assumptions as to payment rates and numbers for which there is no authenticated proof. The records relied on to construct the amount of payments do not appear to be supported by any affidavit of authenticity. Furthermore, the trial court’s conclusions were based in part upon the failure of Dr. Triana and Sheridan to present evidence to support their claim. In summary judgment proceedings, the burden is not on the opponent to submit evidence until the
 
 *154
 
 movant tenders competent evidence in support of the motion. Finding that the trial court’s conclusions on damages are not based upon a proper application of the burden of proof, we reverse on this issue also.
 

 Id.
 
 at 172 (citation omitted).
 

 We find granting summary judgment with ten days remaining before the discovery cutoff and after having rolled the case to a July docket due to ongoing discovery was premature and as such reverse the trial court’s order granting summary judgment.
 

 We agree with the defendants that the adequacy of the answer to the interrogatory as well as affidavits submitted by the plaintiffs in opposition to the motion for summary judgment provided minimal proof of their damages. However, the discovery deadline had not expired and the case had been rolled to a future trial period due to ongoing discovery. Granting summary judgment under these circumstances was error.
 

 Reversed and Remanded.
 

 MAY, C.J., and CONNER, J., concur.