McCAIN, Judge.
Plaintiffs, Lucinda Jefferson and Thomas Jefferson, appeal a final judgment after jury verdict in favor of defendant city and its police officer. We reverse.
Looking solely to plaintiffs’ most favorable allegations and proof, we observe: Lucinda Jefferson was arrested and convicted for disturbing the peace by officer Walker who was acting within the scope of his employment; during the arrest she *207 received injuries from the officer’s excessive and unnecessary force; she was three months pregnant and after her arrest she complained of abdominal pains; during her incarceration, where she was left in a helpless state and ignored, she continued to sustain pain coupled with hemorrhaging and suffered two miscarriages.
After the case was under deliberation the jury returned and asked whether they were allowed to separate the verdicts as to the two defendants. The court, without objection, instructed “that the verdict shall be against — if it is against either defendant, it should be against both defendants”.
Plaintiffs’ failure to object to the court’s instruction in this instance is not fatal. In the interest of justice this court may notice fundamental error apparent in the record whether or not it has been argued in the briefs or made the subject of an assignment of error or of an objection or exception in the court below.[1]
The instruction given could reasonably have misled the jury to plaintiffs’ detriment,[2] and we consider it fundamental error inasmuch as the jury might very well have found against the city but not against the officer, i. e., the jury may have found the city liable for the action or lack of it taken by the latter’s jail employees while finding officer Walker not liable.
Had plaintiffs not made allegations as to the city’s jail employees the instruction given would have been proper.
We have considered plaintiffs’ other points and find them to be without merit insofar as reversible error is concerned.
We therefore reverse and remand this cause for a new trial solely on the question of the defendant city’s liability for the acts or omissions of its jail employees.
Reversed and remanded.
CROSS, C. J., and WALDEN, J., concur.

. F.A.R. 3.7(i), 32 F.S.A. See Pittman v. Roberts, Fla.App.1960, 122 So.2d 333.

. See Butz v. Rineheart, Fla.1956, 88 So. 2d 125.