OVERSTREET, MURRAY W., Associate Judge,
Summary Judgment was entered against appellant (plaintiff below) in a malicious prosecution action.
The pleadings show that appellant was the manager of one of appellee’s gas stations and as such was solely responsible for the conduct and operation of the business, including collecting, accounting for and depositing all receipts from sales. His particular duties were to open the station, work the morning shift, make out daily reports, send the reports to Tampa and make deposits at the Edison National Bank.
On January 16, a Sunday morning, appellant went to the home of William K. Biegiert and asked Biegiert to work the morning shift for him. At that time appellant appeared to Biegiert to be half drunk or lacking sleep, was unshaven, and looked unkempt. Meade then pulled from his pocket a wad of bills and threw several on the table to pay Biegiert for working his (Meade’s) shift. At that time Meade told Biegiert he had been out all night and was going home to get some sleep.
The next day, January 17, Meade was on the job and had started making out his report when the company supervisor appeared at the place of business and informed Meade he was going to replace him as manager and audit him out. On deposition, Meade testified that the money bags were in the safe for Friday, Saturday and Sunday’s receipts and bank deposit slips had been prepared and the duplicates mailed to the Tampa office, but when company officials compared the reports with funds on hand and deposits, they found one day’s deposit missing, whereupon they sent a message to Meade that they wanted to talk with him. However, Meade did not return to the station. Moreover, Meade had told Biegiert on prior occasions that he had to accumulate money at the station *212 before making a deposit, meaning that “he was using company money for his own personal benefit.”
Thereupon, a duly authorized company representative made or filed a complaint against Meade with the proper authorities, after which an information charging Meade with grand larceny was filed by the State Attorney, a trial by jury was had, and at the close of the trial the trial judge directed a verdict for the defendant. Shortly thereafter Meade filed suit against Super Test Sales, Inc. for malicious prosecution. In the civil action, the defendant eventually filed a Motion for Summary Judgment, assigning as a particular ground that there was no showing that there was no genuine issue as to any material fact, but not assigning as a specific ground that the filing of an information by the State Attorney terminated the matter and insulated the defendant from liability for malicious prosecution.
Appellant contends that the trial court erred by entering Summary Judgment against him on the sole ground that a direct information was filed by the State Attorney which was not stated as a ground in the motion, and that the filing of said information foreclosed appellant’s right to sue for malicious prosecution, and that the trial court failed to inquire into the role of Super Test in the instigation of the prosecution.
Appellant seems to believe that 1.100(b), FRCP, controls in this case and that appel-lee’s Motion for Summary Judgment should have specifically stated as a ground that the filing of a direct information by the State Attorney terminated the matter and foreclosed appellant’s right to sue, because, he says, that is the only ground upon which the Summary Judgment was granted. However, the record shows that the Summary Judgment was based upon the grounds that a direct information was filed and that there was reasonable cause presented for the State Attorney to believe that the crime of grand larceny had been committed by Meade. Besides, Rule 1.510, FRCP, and not Rule 1.100(b), FRCP, controls the pleadings in this civil action, and Rule 1.510 does not require that an appellant’s Motion for Summary Judgment should set forth with particularity the grounds therefor. It is true that Rule 1.-100(b), FRCP, requires that the grounds for movant’s motion for judgment should be particularly set forth, but Rule 1.510, FRCP, provides only that movant’s .motion for summary judgment should state that “the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law,” and the record in this case shows that appellant met this requirement. Moreover, a study of the entire record in the case reveals to our satisfaction that at the time of entry of Summary Judgment there remained outstanding no genuine issue as to any material fact, that the guidelines set forth in Kilburn v. Davenport, Fla.App.3d, 1973, 286 So.2d 241, were sufficiently met and passed, and Summary Judgment was properly entered.
HOBSON, Acting C. J, and GRIMES, J., concur.