SMITH, Judge.
We have thoroughly considered the entire record, the briefs and the oral argument on this appeal from a money judgment entered on a general verdict for plaintiff in an action for malicious prosecution and false imprisonment.
Appellants’ only argument attacking the sufficiency of evidence on the malicious prosecution count is that the trial court failed to give proper effect, when ruling on appellants’ motions for directed verdict, to the presumption of probable cause which is said to have arisen from the State Attorney’s decision to prosecute. Gallucci v. Milavic, 100 So.2d 375 (Fla.1958), held that such a presumption arises from a magistrate’s finding of probable cause and that it is conclusive, absent fraud or other corrupt means employed by the person initiating the prosecution. For the reasons stated in Rodgers v. W. T. Grant Co., 326 So.2d 57, 65 (Fla.App. 1st, 1976), cert. pending, we decline to accord the Gallucci presumption to a prosecutor’s decision. We do not construe Meade v. Super Test Sales, Inc., 306 So.2d 211 (Fla.App. 2d 1975), as supporting appellants’ position. Rather, that decision found that “there was reasonable cause presented” for the State Attorney’s decision to prosecute. 306 So.2d at 212. Similarly, Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1943), held that the filing of an information is evidence tending to show grounds for prosecution, but it did not give such evidence presumptive effect.
Here, the trial court charged the jury that filing of an information against appellee gave rise to a presumption of probable cause. The charge was favorable to appellants in this respect, and we agree with appellee that the instruction was in error.
In accordance with Rule 1.110(g), R.C.P., appellee pleaded alternatively or cumulatively both false imprisonment and malicious prosecution. The jury was separately charged concerning these distinct torts and it returned a general verdict. Our duty, of course, is to uphold the verdict if any reasonable view of the evidence, read in a light favorable to plaintiff, would sustain it. Because the judgment may thus be sustained as one based on sufficient evidence of malicious prosecution, concerning which appellants’ only attack has failed, we need not decide whether the judgment is *1121 sustainable also under the alternative or cumulative theory of false imprisonment.
The declaration of the actual robber concerning his crime was against his penal interests and was properly admitted. Baker v. State, 336 So.2d 364 (Fla.1976). Taken as a whole, the instructions did not omit essential elements and were not misleading. Appellants have not demonstrated, by testimony or otherwise, prejudice resulting from their inability to discover all contents of the State Attorney’s file. None of the other asserted errors warrant reversal.
AFFIRMED.
MILLS, Acting C. J., and MELVIN, WOODROW, Associate Judge, concur.