349 So.2d 230 (1977)
Marvin ADAMS and Arlene J. Adams, His Wife, Appellants,
v.
Reuben J. CHENOWITH, H. Alan Aumont and James E. Travelstead, Appellees.
No. 77-58.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
Gregory Scott of Craft, Craft & Scott, West Palm Beach, for appellants.
Eugene Ethier, Lake Park, for appellee-Reuben J. Chenowith.
H. Alan Aumont, pro se.
Gary L. Vonhof of Johnson, Ackerman & Bakst, P.A., West Palm Beach, for appellee-James E. Travelstead.
*231 DAUKSCH, Judge.
Appealed is the Order dismissing Appellant's complaint, with prejudice, for failing to allege a cause of action. We affirm.
The complaint alleges Travelstead is an attorney who was hired by the seller to represent his interest in the sale of property to Adams. Adams was not represented by counsel. Before the closing of the real estate transaction the attorney prepared a closing statement which was incorrect in the amount due under an agreement for deed to be assumed by the buyer. The mistake resulted in the buyer paying the seller too much at the closing. The complaint also states the buyers were furnished the information in the closing statement, or a copy of the statement, before the closing.
The question is whether the attorney owed sufficient duty to the buyer so as to require him to account to the buyer for his negligence, if any. We think not. The attorney was hired by the seller to be his attorney, no representations were made that the attorney was representing both parties (which indeed he is not permitted to do, EC 5-14, Code of Professional Responsibility), and the buyer was quite free to hire his own lawyer if he was unfamiliar with preparing for real estate closings. The buyers cannot hold the sellers' attorney liable for negligence in preparing a closing statement. The attorney's allegiance was solely to the sellers and there is no allegation the attorney intentionally misled anyone in the matter.
In fact, the mistake arose from the holder of the agreement for deed or his bookkeeper misstating the amount remaining due.
The buyer alleges the attorney "negligently failed to obtain an estoppel letter or other verification of the balance due." That may, or may not, be true. If we assume he did not obtain verification then how is that negligence? What duty did he have to obtain the verification? The duty, if any, was to the seller, his client, not the buyer. Nothing prevented the buyer from verifying the figures. He knew in advance of the closing of the existence of the agreement for deed and, in addition, had a copy of what the seller said was due. If anyone was negligent then no one was more negligent than the buyer in failing to take any minimum steps to complete this business deal in a proper fashion.
We have considered the case of McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976), and find it clearly distinguishable from this case. There the attorney owed a duty to a testatrix to make a will for the benefit of her daughter to whom this court held a duty was owed also. The lawyer in that case represented only one "side" of a transaction because there was only one side. Here there are two sides, two interests to be protected and we cannot hold a lawyer responsible to all parties in a transaction unless it is alleged (and proved) he committed some non-negligent tort such as fraud or theft or the like. There is not even a hint of that here.
The Order dismissing the complaint against Travelstead is AFFIRMED.
ALDERMAN, C.J., and LETTS, J., concur.