MASON, ERNEST E., Associate Judge,
dissenting.
I respectfully dissent. The parties at the outset of the trial stipulated that if the jury should find for appellant (plaintiff below) on the issue of liability under its complaint the appellant “will be awarded a damage of one hundred thousand dollars against the Department of Transportation”, and “if the jury finds in favor of the Defendant on their counter-claim, then the Defendant will be awarded four thousand dollars from the Plaintiff counter-Defendant”. Further, the< stipulation, which was dictated into the record by plaintiff’s attorney and acceded to by DOT’s attorney, provided that such stipulation “does not preclude the jury finding in favor of the Defendant as to their defenses and against the defendant as to their counterclaim thereby rendering no judgment of any award or vice versa.” Still further, counsel for plaintiff stated: “So, in other words, we have stipulated if we are right on our claim in chief, we get one hundred thousand dollars damages. If they are right, they get four thousand dollars damages to the counterclaim”.
The trial court recognized the stipulation by directing immediately upon the recitation of the stipulation that the jury be brought in.
Thereafter the trial proceeded solely on the issue of liability. No evidence was presented on the issue of damages.
At the close of the presentation of the evidence and argument of counsel the trial court, after instructing the jury on the liability issues, instead of advising the jury that if the jury decided for the plaintiff the jury should award the plaintiff one hundred thousand dollars as stipulated by the parties, instructed them that the award could be any sum from zero to one hundred thousand dollars in the main suit; and if the jury should find for DOT on its counterclaim the latter’s award should be any sum from zero to four thousand dollars, instead of the four thousand as stipulated.
After deliberation the jury returned a two-part verdict, one for DOT under its counterclaim but for zero dollars damages; and two, for the plaintiff Hammet under its complaint, likewise in the sum of zero dollars.
Thereafter the court entered judgment based upon the verdict directing that neither party take anything by the suit.
I am of the opinion that the court erred in instructing the jury as to damages in the manner above indicated and that he should have instructed them to fix damages in the amounts stipulated by the parties in the event they found that liability existed. Such instruction as given misled the jury causing the jury to award damages contrary to the stipulation of the parties. I believe such instruction amounted to fundamental error demanding that this case be reversed and remanded for new trial.
Appellee’s argument that appellant has not preserved this error for appellate re *667 view is not, in my judgment, well taken, for a review of the record clearly shows that the trial court was of the opinion that the jury ought to be instructed in this breach of contract action on his conceived theory of shared responsibility or comparative negligence concept. In the interest of justice this court may take note of fundamental error apparent in the record whether or not an objection or exception was made or taken in the court below. See Jefferson v. City of West Palm Beach, 233 So.2d 206 (Fla. 4th DCA 1970); Pittman v. Roberts, 122 So.2d 333 (Fla. 2nd DCA 333); and American Home Assur. Co. v. Keller Industries, 347 So.2d 767 (Fla. 3rd DCA 1977) and cases therein cited.
I would reverse and remand for new trial because it is apparent that the jury was misled in the rendition of the verdict herein.