379 So.2d 1048 (1980)
Hinton Roy JOHNSON, Jr. and Doris L. Johnson, D/B/a Farmer's Exchange, Appellants,
v.
LASHER MILLING COMPANY, INC., Appellee.
No. LL-323.
District Court of Appeal of Florida, First District.
February 21, 1980.
*1049 Guyte McCord, III, of Spector & Tunnicliff, Tallahassee, for appellants.
W. Roderick Bowdoin, of Darby, Peele, Page & Bowdoin, Lake City, for appellee.
LARRY G. SMITH, Judge.
The Johnsons appeal a final judgment awarding compensatory and punitive damages to appellee, Lasher Milling Company, Inc. Appellants contend that the trial judge erred: (1) in failing to instruct the jury that punitive damages could be awarded only under Count I of appellee's counterclaim; and (2) in allowing the jury to use general verdict forms, making it impossible to determine whether the jury's verdict was based on Count I, or Count II. We affirm because the jury instructions were not objected to at trial, and there was no "fundamental error" requiring reversal; and because the evidence supports a verdict for appellee under either Count I or Count II, and there was ample evidence of fraud justifying the award of punitive damages.
Count I of appellee's amended counterclaim alleged that appellants knowingly and intentionally misrepresented the weight of numerous loads of corn sold to appellee by appellants, resulting in appellee paying for corn not received. Appellee further alleged that such misrepresentations were made with intention to induce appellee to rely and act upon said misrepresentations; that appellee did rely and act upon them; that appellee has suffered great losses as a result of paying for corn not received; and that the actions of appellants were intentional, willful, wanton, and with disregard for the rights of appellee. Both compensatory and punitive damages were sought as to Count I. Count II incorporated all allegations of Count I by reference, with exception of the allegations alleging intentional misrepresentation. Count II stated a cause *1050 of action for "restitution" to appellee of monies received by appellants to which they were not entitled by virtue of the overcharges made for shipments of corn not actually delivered.
Appellants contend that the trial court committed error in giving the punitive damage instruction without informing the jury that punitive damages were awardable only in event they found a cause of action under Count I, the fraud count, but not as to Count II, the restitution count. See Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465 (Fla.3rd DCA 1969).
In our view the trial judge did not affirmatively instruct the jury that punitive damages were awardable under both counts. On the other hand, it is true that the judge failed to specifically point out to the jury that consideration of punitive damages should be confined to the cause of action under Count I. Notwithstanding this deficiency, we are not persuaded that reversible error is presented. The trial judge fully and adequately instructed the jury upon the elements necessary to be proved under Count I in order for appellee to recover for actionable fraud based upon false representations. The instructions used were, with minor modifications, those submitted by appellants. The court also instructed the jury on the requirements necessary for recovery by appellee under the second count, for restitution of monies paid for corn not delivered. The judge then instructed on punitive damages. There was no objection to these instructions at the trial, and there is no contention here that they erroneously stated the applicable law. Therefore, even though as indicated in Associated Heavy Equipment Schools, Inc. v. Masiello, supra, the jury should have been instructed to limit their consideration of punitive damages to the fraud count, no reversible error can be shown in the absence of objection, Rule 1.470(b), Florida Rules of Civil Procedure, or unless, as appellants contend, the error was of such fundamental proportions as to make objection unnecessary. Morrison v. Hansen, 213 So.2d 306 (Fla.1st DCA 1968); Painter v. Town of Groveland, 79 So.2d 765 (Fla. 1955); Jefferson v. City of West Palm Beach, 233 So.2d 206 (Fla.4th DCA 1970); Yacker v. Teitch, 330 So.2d 828 (Fla.3rd DCA 1976); Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399 (1940).
We find no merit in appellants' contention that the instructions constituted a "misapplication of the law". We find it necessary, however, to consider whether the failure of the trial court to clearly restrict the punitive damage instruction to Count I "could reasonably have misled the jury to [appellants'] detriment". Jefferson v. City of West Palm Beach, supra.
Appellants argue that because the court submitted the case to the jury on general verdict forms, and denied appellants' request for use of special verdict forms, it is impossible to determine whether the jury awarded punitive damages as an incident to recovery under Count I, which was permissible, or upon Count II, which was not. Appellants rely upon Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977), for reversal. We find no error based upon the Colonial Stores case. In that case the plaintiff pleaded alternatively or cumulatively a cause of action for both false imprisonment and malicious prosecution. The jury returned a general verdict for the plaintiff. The District Court held (Colonial Stores, Inc. v. Scarbrough, 338 So.2d 1119 (Fla.1st DCA 1976), affirmed by the Florida Supreme Court, Colonial Stores, Inc. v. Scarbrough, supra), that the general verdict could be upheld because the court found the evidence sufficient to sustain recovery under the count for malicious prosecution, thus making it unnecessary to decide whether the verdict would be sustainable under the alternative or cumulative theory of false imprisonment. The Supreme Court affirmed the decision as being in accord with what is known as the "two issue" rule, which holds that reversal is improper where no error is found as to one of the issues, as in that event appellant is unable to establish that he has been prejudiced. In further elaborating upon its adoption of the "two issue" rule, and its *1051 applicability to the case, the Supreme Court stated:
"Had [the] petitioners in the instant case requested special verdicts and objected to submission of a general verdict form to the jury, it would have been necessary for the district court to determine the sufficiency of the evidence to sustain the false imprisonment count as well as the malicious prosecution count. If there was error as to either count, the district court should then remand the case for a new trial as to both counts."
As noted, appellants here requested the use of special verdict forms as to each count. Assuming the sufficiency of the objection to the general verdict form which arises by implication from the fact that appellants requested special verdict forms, we have applied the rule as stated by the Supreme Court in the above quoted language; that is, we have examined the evidence to determine whether there was sufficient evidence to sustain recovery under both counts of the amended counterclaim. We find from the record ample evidence to support a finding of intentional and fraudulent misrepresentation of the weight of several loads of corn sold by appellants to appellee, and such evidence would support a verdict for appellee under Count I or Count II. We thus find that the evidence fully meets the test required by the Colonial Stores case. All evidence presented was applicable to both counts, with exception of the evidence establishing the additional element of intentional misrepresentation, which was required for recovery only as to Count I. Proof of this one additional element, intentional misrepresentation, coincidentally proves the case as alleged under Count I and justifies the award of punitive damages. The award of punitive damages is thus consistent with a verdict for appellee under Count I, and inconsistent with appellants' contention that the jury found for appellee only under Count II. Under the circumstances, we must conclude that appellants have not shown that they were prejudiced by the use of general verdict forms.
Appellants argue that punitive damages are never allowable in Florida in a cause of action for restitution, regardless of the evidence presented. We do not find that to be the rule of law in Florida. The rule is correctly stated in Charter Air Center, Inc. v. Miller, 348 So.2d 614, 616 (Fla.2nd DCA 1977), as follows:
"Punitive damages are not a proper item of damages for breach of contract unless the act complained of constitutes a tort which was willfully and wantonly committed or was attempted by fraud, malice, or gross negligence. E.g. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957); Moore v. Southern Bell Telephone and Telegraph Co., 176 So.2d 558 (Fla.2d DCA 1965)."
In Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957), the court stated the general rule as follows:
"The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant. But where the acts constituting a breach of contract also amount to a cause of action in tort there may be a recovery of exemplary damages upon proper allegations and proof. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort. 25 C.J.S. Damages, § 120, pp. 716-717."
The willful tort of fraudulent misrepresentation was properly pled and proved in this case, providing adequate basis for award of punitive damages. See Gottsch v. Walker, 360 So.2d 1252 (Fla.1st DCA 1979); Greer et al. v. Williams, 375 So.2d 333 (Fla.3rd DCA 1979); Overseas Equipment Co., Inc. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla.3rd DCA 1979); UShop Rite, Inc. v. Richard's Paint Mfg. Co., 369 So.2d 1033 (Fla.4th DCA 1979).
Since we find no error, the judgment appealed from is affirmed.
ROBERT P. SMITH, Jr., and WENTWORTH, JJ., concur.