415 So.2d 865 (1982)
MASSEY-FERGUSON, INC., Appellant,
v.
SANTA ROSA TRACTOR COMPANY, INC., A Florida Corporation, Appellee.
No. YY-464.
District Court of Appeal of Florida, First District.
June 24, 1982.
*866 Daniel C. Perri of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Richard P. Warfield and James A. Hightower of Levin, Warfield, Middlebrooks, Mabie & Magie, Pensacola, for appellee.
PER CURIAM.
For the second time this case appears before this court on Massey-Ferguson's appeal from a final judgment awarding appellee compensatory and punitive damages. Massey-Ferguson v. Santa Rosa Tractor Company, 366 So.2d 90 (Fla. 1st DCA 1979). Several points raised by appellant merit discussion.
First, appellant argues that the award of punitive damages is contrary to law and not supported by the evidence. Appellant presents the well established rule that punitive damages are not generally recoverable in an action for breach of contract. Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957); 17 Fla.Jur.2d Damages, § 117. Recognizing that this rule does not pertain where the breach amounts to an independent, willful tort, appellant argues that no independent tort was committed by Massey-Ferguson, but that Massey-Ferguson was simply exercising its lawful rights, both contractual and statutory, to secure its collateral. Assuming, arguendo, that a tort could otherwise be made out on these facts, appellant first argues that the tort claim for trespass or interference with Santa Rosa's business, for entering Santa Rosa's premises and boxing equipment, is defeated by Santa Rosa's tacit permission in allowing Massey-Ferguson's agents to be on the premises for three days before being asked to leave and, that if Massey-Ferguson committed the tort by mistake, "in the bona fide assertion of a supposed right, but absent any element of malicious motive or wrong intention," Winn and Lovett Grocery v. Archer, 126 Fla. 308, 171 So. 214 (Fla. 1936), then an award of punitive damages is not warranted. Finally, assuming an independent tort could be made out on these facts, appellant argues that the tort did not rise to the level of "malice" or "wanton and willful conduct" essential to a claim of punitive damages, as stated in Henry Morrison Flagler Museum v. Lee, 268 So.2d 434 (Fla. 4th DCA 1972).
Appellee agrees with the general rule and its exception, that a breach of contract alone will not usually support an award of punitive damages but that this rule does not pertain where the breach amounts to an independent, willful tort. Appellee argues that coming on Santa Rosa's property without permission and seizing parts constituted a trespass and an unlawful and unreasonable interference with appellee's business. Appellee contends the willfulness and maliciousness of this tortious conduct supports the award of punitive damages.
Whether a seizure of property by someone claiming a security interest constitutes an independent tort clearly turns on the reasonableness of the defendant's actions, a factual determination properly resolved by the jury. Eglin Federal Credit Union v. Curfman, 386 So.2d 860 (Fla. 1st DCA 1980); Quest v. Barnett Bank of Pensacola, 397 So.2d 1020 (Fla. 1st DCA 1981). Where a willful tort is properly pled and ample evidence presented, an award of punitive damages will be upheld. Johnson v. Lasher Milling Co., 379 So.2d 1048 (Fla. 1st DCA 1980).
*867 In the present case, the evidence was sufficient to present a jury issue as to appellant's liability for trespass and intentional, willful and malicious interference with appellee's business. While it is apparent that the facts of the case are such as to give rise to inferences and arguments which would tend to defeat Santa Rosa's claims, we agree with the trial judge that the questions presented were essentially for jury resolution, and there is no contention here that the jury instructions or verdict forms upon which the case was submitted were erroneous in any respect.
Appellant further argues that the evidence presented to the jury on the issue of loss of future profits was too speculative to allow the question to go to the jury. The general rule is that anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856 (1936). But the rule is not an inflexible one, and if profits can be established with reasonable certainty, they are allowed. Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936). "The requisite to their allowance is some standard, such as regular market values, or other established data, by reference to which the amount may be satisfactorily ascertained." 166 So. at 217. In Welbilt Corporation v. All State Distributing Co., Inc., 199 So.2d 127 (Fla. 3rd DCA 1967), loss of future profits was denied because no showing was made of overhead, costs or method by which the estimated unit profits or number of units could be determined.
Here, in support of its claim, Santa Rosa introduced into evidence two financial statements disclosing the operating costs of the business and showing a profit in the service department. Additionally, appellant introduced into evidence a computer printout, prepared by Massey-Ferguson, reflecting projected sales figures based on Santa Rosa's 1971 sales figures, and there was testimony, albeit conflicting, as to Santa Rosa's reasonably anticipated profits from the projected sales. We cannot say that there was a total absence of evidence to support the award of loss of future profits within the parameters of the cited cases and others on the subject.
Finally, the trial court's ruling at the opening of the trial, granting Santa Rosa's oral motion (made five days prior to trial) to amend the complaint by striking from the ad damnum clause relating to punitive damages the figure "$250,000.00," has not been shown to constitute reversible error. See State of Florida ex rel. Rosenfeld v. Boyer, 145 So.2d 547 (Fla. 1st DCA 1962), and Ellis v. Golconda Corp., 352 So.2d 1221 (Fla. 1st DCA 1977). Appellant was aware at the outset that appellee was seeking substantial punitive damages, and thus there could have been no surprise on this score. We note further that the punitive damage award returned by the jury did not exceed the amount claimed in the ad damnum clause before the "ceiling" was eliminated by amendment.
Accordingly, the judgment is AFFIRMED.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.