430 So.2d 556 (1983)
Leonard GOLD and Augusta Gold, Appellants,
v.
Max WOLKOWITZ, et al., Appellees.
No. 81-1693.
District Court of Appeal of Florida, Third District.
May 3, 1983.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellants.
Fred J. Ward, Broad & Cassel and H. Jack Klingensmith, Levine, Reckson, Reed & Geiger and Allen P. Reed, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
Augusta and Leonard Gold appeal from a trial court order striking a jury award of punitive damages. Because we agree that punitive damages were appropriate in this case, we reverse the trial court's order striking the award.
The Golds entered into a purchase agreement with Max Wolkowitz for the purchase of certain real estate in Dade County, Florida. Wolkowitz was represented by Fred J. Ward who had also represented Wolkowitz in the foreclosure action which was the genesis of the Wolkowitz title to the real property in question. The Golds were represented by Stuart G. Elliot. The purchase agreement contained a five-day escrow clause. At the closing the Golds and Elliot received a warranty deed and an affidavit of ownership which provided, in essence, *557 that Wolkowitz had good title to the property and made the affidavit for the purpose of inducing the purchase.[1] Within the five-day escrow period following the closing, Elliot discovered that the final foreclosure judgment had been appealed and was presently pending in the Third District Court of Appeal. Elliot thereupon demanded the return of the cash proceeds which had been paid by the Golds, the promissory note and the mortgage which the Golds had executed in favor of Wolkowitz. Elliot also tendered a quit-claim deed, the keys and possession of the property to Ward. Ward advised Elliot and the Golds that he considered the foreclosure proceeding to be res judicata and the notice of appeal to be of no significance. Wolkowitz refused to rescind the transaction.
A significant trial issue was the question of whether the Golds or Elliot had ever been advised by Wolkowitz or Ward of the pendency of the foreclosure appeal. There was some uncorroborated testimony by Wolkowitz that he had informed Mrs. Gold of a title problem during their first discussions regarding the purchase. The record is uncontroverted that neither Wolkowitz nor Ward ever notified the Golds or Elliot of the pendency of the foreclosure appeal.
In the foregoing posture, the case proceeded to the jury. The jury rendered its verdict, using an interrogatory verdict form. The jury found that both Wolkowitz and Ward had committed fraud which caused damage to the Golds. The jury further found that there was a breach of contract on the part of Wolkowitz. Actual damages in the amount of $33,831.00 were awarded. Punitive damages were awarded in the amount of $25,000.00 as to Wolkowitz and $50,000.00 as to Ward. The trial court reduced the verdict to a final judgment and then, at a subsequent hearing, amended the final judgment by eliminating the punitive damages award.
Our view of the evidence and the pleadings satisfies us that punitive damages in this case were proper. The jury's finding of fraud on the part of both Wolkowitz and Ward is abundantly supported by the record. An independent tort is therefore established. See American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975); Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957). The appellees argue that notwithstanding the fraud the Golds had some further duty to inquire with respect to the exact status of the title. That issue has been put to rest. The Florida Supreme Court, Justice Alderman speaking for the court, held in Besett v. Basnett, 389 So.2d 995 (Fla. 1980), that "a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him," 389 So.2d at 998.
We see no difference in the issues as framed in Besett and those present in the case sub judice. Both Wolkowitz and Ward knew that there was a cloud on the title to the real property in question. Despite their knowledge Ward prepared, and Wolkowitz executed, the affidavit reflecting no clouds on the title. Fraud in the inducement will *558 support a punitive damage award. American International Land Corp.; Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367 (Fla. 4th DCA 1981); Johnson v. Lasher Milling Co., Inc., 379 So.2d 1048 (Fla. 1st DCA), cert. denied, 388 So.2d 1114 (Fla. 1980), and the cases cited therein; Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla. 1973). We therefore reverse the court order under review and remand with directions to reinstate the punitive damages award.
We have considered the appellants' arguments with respect to the appellees Stuart G. Elliot and American Title Insurance Company and conclude that no error is demonstrated.
Reversed and remanded with directions.
NOTES
[1] The relevant provisions of the Affidavit of Ownership as found in paragraphs 3, 4 and 7 are set forth below:

3. That he [Wolkowitz] has not known of any facts by reason of which his possession of, or title to, the said premises might be disturbed or questioned, or by reason of which any claim to said premises (or any part thereof) or interest therein, adverse to him, might arise or be set up.
4. That no person has any lease, option, deed or contract of any nature whatsoever for the purchase of, or claim to or against such premises, or any part thereof, except as hereinafter stated; that the said premises are now free and clear of all taxes (except taxes for the current year that are a lien against said property but not payable) encumbrances, or liens, by mortgage, decree, judgment, statute, or any other liens of any nature and description, except the following: Subject to an existing first mortgage in favor of Coral Gables Federal Savings and Loan Association with an unpaid balance of $55,462.14.
... .
7. That this Affidavit is made for the purpose of inducing the above named Grantee to purchase the above described property.