506 So.2d 27 (1987)
ZAFIRIS, INC., a Florida Corporation, Appellant,
v.
Marvin I. MOSS, Appellee.
No. 86-1605.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Rehearing Denied May 19, 1987.
Hoppe & Backmeyer and Terry S. Nelson, Miami, for appellant.
Zuckerman & Venditti and Donald S. Zuckerman, Miami, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
This is an appeal from an order of final summary judgment entered in favor of Marvin I. Moss and against Zafiris, Inc., in Zafiris's action for fraud and negligent misrepresentation. We reverse based upon the existence of genuine issues of material fact and upon the rule that an attorney may be liable to a third party for fraud or negligent misrepresentation.
The transaction giving rise to this action concerned a contract entered into by Constantine Zafiris, president of Zafiris, Inc., and Jules Krasner, president of Sunburst Petroleum, Inc. Zafiris negotiated with Krasner to purchase a gas station business owned by Sunburst Petroleum, Inc. Zafiris, on behalf of his own corporation, Zafiris, Inc., wished to lease the property on which the gas station was located with an option to purchase within three years. Zafiris and Krasner contacted their respective attorneys to execute their written agreement. Zafiris was represented by attorney Scott R. Jay. Moss was counsel for Krasner. Because of Zafiris's desire to expedite the transaction, Jay prepared the bulk of the necessary papers. Moss prepared several documents, including the contract for the sale of the gas station business. The papers prepared by Moss characterized Krasner and Sunburst Petroleum, Inc., as the "seller." At the closing on December 23, 1982, Zafiris wrote checks totalling over $52,000. Of this sum, $40,000 constituted the down payment on the business; $4,335.93 was paid directly to Moss. Both Zafiris and Jay understood that Krasner and his corporation, Sunburst Petroleum, Inc., owned the subject property. Jay never conducted a title search.
*28 The true owners of the property were Jacob and Ann Friedman and Irving and Arlene Canner. In September, 1981, Krasner had leased the property from its owners. Moss had represented Krasner in executing this lease. At the time of the December 1982 closing with Zafiris, Krasner was seven months in arrears on the rent due the Friedmans and the Canners.
In January 1983, Irving Canner, one of the owners of the property, learned of Zafiris's tenancy. Shortly thereafter, the Canners and the Friedmans initiated eviction proceedings against Jules Krasner for failure to pay rent and against Zafiris, Inc., for unlawful detainer. The action resulted in Zafiris's eviction. The eviction proceedings revealed that Jules Krasner had never applied to the owners for consent to sublease the property to Zafiris as required by the lease agreement.
Zafiris subsequently instituted an action against Moss and other codefendants. The action against Moss was based upon fraud and negligent misrepresentation. Moss moved for final summary judgment on the grounds that any misrepresentations regarding the ownership of the property were made by Krasner and that Zafiris's reliance in entering into the contract was triggered wholly by Krasner's representations and the advice of his own attorney, Jay. The trial court granted Moss's motion and entered final summary judgment in favor of Moss. We reverse.
Despite Moss's contention that there were no genuine issues of material fact, our review of the record yields a contrary conclusion. A crucial factual dispute exists as to whether Moss implicitly or explicitly confirmed the erroneous view shared by Zafiris and Jay that Krasner owned the property. The depositions fail to resolve this pivotal question. The lease between Krasner and the owners of the property specifically prohibited a sublease of the property without the owners' approval. Moss had represented Krasner in executing his lease with the owners. Moss knew of the lease provision but, nevertheless, facilitated Krasner's sublease to Zafiris. Construing the facts in the light most favorable to Zafiris, the party against whom summary judgment was entered, Holl v. Talcott, 191 So.2d 40 (Fla. 1966), we find this case unamenable to summary disposition, given the inferences to be drawn from Moss's knowledge of Krasner's lack of ownership.
We also base our reversal upon the authority of Gold v. Wolkowitz, 430 So.2d 556 (Fla. 3d DCA), rev. denied, 437 So.2d 677 (Fla. 1983). In Gold this court held that an attorney had committed fraud when he prepared an affidavit reflecting no clouds on the title to real estate the plaintiff had purchased from the attorney's clients. The attorney prepared the affidavit despite his knowledge of a pending appeal of the foreclosure judgment through which his clients had acquired the real estate. This court upheld the punitive damages awarded the plaintiff against the vendors and their attorney. The mere lack of privity between an attorney and a third party will not insulate the attorney from liability to that party for his negligence or misrepresentations. Gold; Oberon Invs. v. Angel, Cohen & Rogovin, 492 So.2d 1113 (Fla. 3d DCA 1986), rev. granted, No. 69,398 (Fla. Feb. 2, 1987). Cf. Lorraine v. Grover, Ciment, Weinstein & Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985) (attorney not liable to beneficiary for failure of devise of life estate in absence of frustration of testamentary intent as expressed in the will). Under Gold Moss is not entitled to judgment as a matter of law simply because Zafiris was not his client.
The judgment under review is, accordingly, reversed, and the cause is remanded for trial on the merits.
Reversed and remanded.