516 So.2d 27 (1987)
Thomas BONGARD, Appellant,
v.
Robert WINTER and Kenneth Feldman, Appellees.
No. 87-279.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Rehearing Denied December 23, 1987.
Edward A. Kaufman, Miami, and Alan M. Grunspan, North Miami Beach, for appellant.
Walton, Lantaff, Schroeder & Carson and Denise K. Stewart, Miami, and Gaebe, Murphy and Mullen and David G. Goldbas, Coral Gables, for appellees.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
We reverse the trial court's order to the extent that it granted Robert Winter's and Kenneth Feldman's motions to dismiss counts I and III of Thomas Bongard's complaint for failing to state causes of action. As Bongard correctly points out, an attorney may properly be held liable for his or her own fraudulent misrepresentations even if acting on behalf of a disclosed client. See Zafiris, Inc. v. Moss, 506 So.2d 27 (Fla. 3d DCA 1987); Gold v. Wolkowitz, 430 So.2d 556 (Fla. 3d DCA), review denied, 437 So.2d 677 (Fla. 1983); see also Shee-Con, Inc. v. Al Seim Appraisal Serv., Inc., 427 So.2d 311 (Fla. 5th DCA 1983) (agent liable for own fraud); cf. Adams v. Chenowith, 349 So.2d 230 (Fla. 4th DCA 1977) (recognizing that attorney may be liable to client's adversary if attorney commits non-negligent tort such as fraud). Furthermore, a present misrepresentation concerning a future intent may form the basis for actionable fraud where the party making the misrepresentation is aware at the time that it is in fact false. See Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367, 1372 (Fla. 4th DCA 1981); Travelodge Int'l, Inc. v. Eastern Inns, Inc., 382 So.2d 789, 791 (Fla. 1st DCA 1980); Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 721 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla. 1973). Consequently, since count I of Bongard's complaint properly alleged all the essential elements of fraud, the trial court improperly dismissed it. Following therefrom, the trial court improperly dismissed count III grounded upon section 517.301, Florida Statutes (1985). See § 517.211(2), Fla. Stat. (1985). We have considered Bongard's other points and have determined that the trial court properly dismissed the remaining counts of his complaint for civil conspiracy, see American Credit Card Tel. Co. v. National Pay Tel. Corp., 504 So.2d 486 (Fla. 1st DCA 1987); Lawler v. Eugene Wuesthoff Memorial Hosp. Assoc., 497 So.2d 1261 (Fla. 5th DCA 1986); Buckner v. Lower Florida Keys Hosp. Dist., 403 So.2d 1025 (Fla. 3d DCA 1981); Jewel Foliage Co. v. Uniflora Overseas Florida Inc., 497 F. Supp. 513 (M.D.Fla. 1980), civil theft, see Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), review denied, 494 So.2d 1151 (Fla. 1986), and breach of fiduciary *28 duty, see Angel, Cohen & Rogovin v. Oberon Invs., N.V., 512 So.2d 192 (Fla. 1987); Adams, 349 So.2d at 230. Accordingly, the trial court's order as it pertains to counts I and III is reversed, and this cause is remanded for further proceedings.