JORGENSON, Judge,
concurring in part and dissenting in part.
If I correctly understand the court’s conclusion, the result reached is as follows. Had Honeywell installed the alarm system, its limits of liability pursuant to the contract would be $250. Because it failed to install the alarm system, Honeywell is exposed to an amount of damages equal to Ms. Rothstein’s loss in the burglary. I cannot agree that the separate “clause limiting liability does not become effective until the system is completely installed and, therefore, applies only to post-installation problems.” Maj. opinion at 1021. The total contract amount for the cost of installation was $1,495. Honeywell’s failure to honor its agreement to install by a date certain cannot elevate an ordinary breach of contract action into a negligence action. See Singer v. I.A. Durbin, Inc., 348 So.2d 370 (Fla. 3d DCA 1977) (contractor’s damages in burglar alarm case limited to the cost of making the alarm system conform to the installation contract and not the value of the stolen property). In my view, the trial court correctly limited damages on the breach of contract claim.
I agree with the majority, however, that Ms. Rothstein states a viable cause of action for fraud in Count III of her amended complaint. See Bongard v. Winter & Feldman, 516 So.2d 27 (Fla. 3d DCA 1987) (present misrepresentation concerning future intent may form basis for actionable fraud where party making misrepresentation is aware at the time that it is in fact false).