The RIGGS NATIONAL BANK OF WASHINGTON, D.C., Plaintiff,

v.

Paul H. FREEMAN and Oswaldo Mora, Defendants.

No. 85–3396–CIV.

United States District Court, S.D. Florida.

April 2, 1988.

Paul Martin Wolff, Gerson A. Zweifach, Washington D.C., Michael Tarre, Coral Gables, Fla., for plaintiff.

Roderick F. Coleman, Miami, Fla., for Freeman.

William R. Scherer, Conrad, Scherer & James, Ft. Lauderdale, Fla., for Mora.

### ORDER ON MOTION TO DISMISS

HOEVELER, District Judge.

THIS CAUSE came for consideration upon Defendant, Freeman's, Motion to Dismiss Counts VII and VIII of Plaintiff's Second Amended Complaint. A court may not grant a motion to dismiss a complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78

S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The material allegations of the complaint are taken as true, and are liberally construed in plaintiff's favor. *See, e.g., St. Joseph's Hosp. v. Hospital Corp. of America,* 795 F.2d 948, 954 (11th Cir.1986).

■ Count VII of Plaintiff's complaint is for negligent misrepresentation. In support of the motion to dismiss this count, Defendant contends that because he is an attorney, a negligence action cannot be brought against him in the absence of an attorney-client relationship. Defendant relies on the recent Florida Supreme Court opinion in *Angel, Cohen & Rogovin v. Oberon Investment, N.V.,* 512 So.2d 192 (Fla. 1987). In *Oberon,* the Florida Supreme Court held that a corporation injured by a law firm's preparation of documents, whereby a corporate fiduciary purchased corporate assets and then resold them at a profit and injuring the plaintiff corporation, could not maintain a negligence action against the law firm even if the firm had known of this fiduciary relationship at the time it prepared the documents *Oberon,* 512 So.2d at 194.

In opposing the motion to dismiss Count VII, Plaintiff cites a recent Florida case which held that mere lack of privity between an attorney and a third party will not insulate the attorney from liability to that party for his negligence or misrepresentations. *See Zafiris, Inc. v. Moss,* 506 So.2d 27 (Fla. 3rd DCA 1987). Plaintiff contends that the *Zafiris* ruling continues to be good law despite the Florida Supreme Court's decision in *Oberon* six months after *Zafiris* was decided. The *Oberon* decision did not make any reference to the *Zafiris* case.

Rather than being contrary rulings, the *Oberon* and *Zafiris* decisions cover different aspects of an attorney's liability in tort. The *Oberon* decision is consistent with numerous Florida cases which have limited attorneys' liability in the performance of their professional duties to clients with whom they share privity of contract. *See Ginsberg v. Chastain,* 501 So.2d 27 (Fla. 3d DCA 1986); *Drawdy v. Sapp,* 365 So.2d 461 (Fla. 1st DCA 1978); *Adams v. Cheno-*

*with,* 349 So.2d 230 (Fla. 4th DCA 1977). On the other hand, *Zafiris* holds that an attorney may be liable for his/her tortious behavior against a third party with whom no attorney-client relationship exists. *Zafiris* merely places lawyers at an equal footing with every other person in terms of liability for their tortious actions. That *Zafiris* continues to be good law after *Oberon* is evidenced by the recent case of *Bongard v. Winter,* 516 So.2d 27 (Fla. 3d DCA 1987), which cited *Zafiris* for the proposition that an attorney may properly be held liable for his or her own fraudulent misrepresentations even if acting on behalf of a disclosed client. *Bongard,* 516 So.2d 27.

In this case, Plaintiff alleges that Defendant misrepresented to Plaintiff the true status of loan proceeds which Plaintiff had wired to Defendant's client trust account. Count VII is a tort claim for acts allegedly committed by the Defendant against Plaintiff rather than a third party action against a lawyer for breach of a professional duty of care to his client. As such, the court holds that this count may be maintained. *See Zafiris, Inc. v. Moss,* 506 So.2d 27 (Fla. 3rd DCA 1987). Accordingly, Defendant's motion to dismiss Count VII of Plaintiff's Second Amended Complaint is DENIED.

■ Count VIII of Plaintiff's complaint is for breach of fiduciary duty. In support of the motion to dismiss this count, Defendant reasserts his position that such a claim cannot be brought against him in the absence of an attorney-client relationship. In Count VIII, Plaintiff alleges that Defendant breached a fiduciary duty he had to provide Plaintiff with accurate information as to the status of the loan proceeds. Plaintiff correctly points out that a fiduciary relationship may exist under a variety of circumstances, including cases where there has been a special confidence reposed in one, who in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence. *Atlantic Nat'l Bank v. Vest,* 480 So.2d 1328 (Fla. 2d DCA 1985), *cert. denied,* 508 So.2d 16 (Fla.1987).

Count VIII is also a tort claim for acts allegedly committed by the Defendant lawyer against Plaintiff rather than a third party action against a lawyer for breach of a professional duty or care to his client. As such, the court holds that this count may be maintained despite the absence or privity between the parties. *See Zafiris, Inc. v. Moss*, 506 So.2d 27 (Fla. 3rd DCA 1987). Accordingly, Defendants' motion to dismiss Count VIII of Plaintiff's Second Amended Complaint is DENIED.