524 So.2d 1010 (1988)
Marvin I. MOSS, Petitioner,
v.
ZAFIRIS, INC., a Florida Corporation, Respondent.
No. 70777.
Supreme Court of Florida.
April 28, 1988.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for petitioner.
Terry S. Nelson of Hoppe, Backmeyer & Nelson, Miami, for respondent.
SHAW, Justice.
We review Zafiris, Inc. v. Moss, 506 So.2d 27 (Fla. 3d DCA 1987), to resolve conflict with Angel, Cohen, and Rogovin v. Oberon Investments, 512 So.2d 192 (Fla. 1987). Art. V, § 3(b)(3), Fla. Const.
*1011 Petitioner Moss was the attorney for Sunburst Petroleum, Inc., which sold respondent a lease and an option to buy on a service station. It developed that Sunburst did not own and was not entitled to lease the property. Most of the papers were prepared by respondent's attorney, including papers usually prepared by the seller. Respondent was evicted by the true owner of the property and brought suit against its own attorney, Sunburst, and petitioner alleging fraud and negligent misrepresentation. The trial court granted summary judgment in favor of petitioner. On appeal, the district court reversed, finding that there were genuine issues of material fact as to whether petitioner implicitly or explicitly confirmed the erroneous view of respondent and its attorney that Sunburst owned the property.
The court below did not have available our decision in Angel where we held that, except in circumstances not present here, lack of privity bars an action in negligence by a third party against an attorney acting in his professional capacity for a client. The district court's determination that a lack of privity between an attorney and a third party will not insulate the attorney from liability for negligence or misrepresentation was clearly error in light of Angel.
The district court also found that summary judgment on the fraud count was barred by genuine issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). We approve this portion of the decision. In an action for fraud, Angel does not require privity between the third party and the attorney acting in his professional capacity for his client. In this instance, Zafiris, president of respondent corporation, avers in his deposition that petitioner affirmatively told him at the closing that his client owned the property. A genuine issue of material fact on the fraud count was thus presented, thereby precluding summary judgment.
We disapprove the decision below in part, approve in part, and remand for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.