PER CURIAM.
 

 The plaintiff, Premier ATMs (Premier), appeals the trial court’s decision to set aside a jury verdict in its favor and enter judgment for the defendant, Daisy Fresh, Inc., in this breach of contract action involving processing services for ATM machines. The trial court concluded that Premier failed to prove its lost profits with sufficient certainty. We disagree, however, and conclude that Premier established with reasonable certainty each element of its loss and presented damage proof based on established data, rather than on speculation or conjecture.
 
 See Massey-Ferguson, Inc. v. Santa Rosa Tractor Co.,
 
 415 So.2d 865 (Fla. 1st DCA 1982) (noting that if profits can be established with reasonable certainty, they will be allowed);
 
 Jerrico, Inc. v. Washington Nat’l Ins. Co.,
 
 400 So.2d 1316, 1318 (Fla. 5th DCA 1981) (finding that damages need not be calculated with absolute exactness so long as they are based on a reasonable method of computation).
 

 Here, in support of its claim, Premier presented evidence of its average interchange fees earned during its months of operation, along with its overhead and operating costs, and testimony as to Premier’s reasonably anticipated profits from projected earnings for the months remaining in the contract. Premier’s damages were calculated on a reasonable basis of computation, and the evidence was sufficient to support the jury’s award of loss of future profits.
 

 Accordingly, we reverse and remand with directions to enter judgment for Premier in accordance with the jury’s verdict.
 

 Reversed and Remanded.
 

 FARMER and TAYLOR, JJ., and LEVENSON, JEFFREY R., Associate Judge, concur.